Dear Ms. Hudson:
You have asked this office to advise whether or not the Livingston Parish Council is authorized to abolish current Recreation District No. 7, which is inactive, and thereafter amend the boundaries of Recreation District No. 8 to include the geographic area previously contained within Recreation District No. 7. We respond to your question in the affirmative, for the following reasons.
Livingston Parish operates under a home rule charter. Section 7-07 of that charter provides:
 Section 7-07 Administrative Boards Commissions A. This section pertains to boards and commissions created by ordinance or in accordance with general state law.
 B. The council and the president may appoint members to boards and commissions as provided in ordinances and general state laws creating such boards and commissions.
 C. No such board or commission shall have legislative authority.
 D. Members of all existing administrative boards and commissions shall complete their terms of office, except as may be provided by this charter or by action of the council.
 E. All meetings of administrative boards and commissions shall be open to the public in accordance with state law.
 F. The council may, by ordinance, create, consolidate, merge, abolish or reorganize any administrative boards or commissions in existence at the date this charter becomes effective or as may be created in the future. (Emphasis added).
The charter specifically allows the council to consolidate districts. The Livingston Parish Council, as a local governmental subdivision that acquired home rule powers subsequent to the adoption of the 1974 constitution, is authorized to exercise such powers when necessary, requisite, or proper for the management of its affairs not denied by general state law. See LSA-Const. Art. VI Section 5 (E) (1974). As a home rule charter entity, the council is empowered to consolidate these recreation districts under the terms of the charter.
There is general state law which provides for the creation of recreation districts. R.S. 33:4562, which provides for the creation of recreation districts via police jury, is incompatible with your existing form of government as Livingston Parish operates via a parish council and not a police jury. However, we cite the law for the proposition that a police jury is also empowered to consolidate recreation districts. R.S.33:4562 pertinently provides:
 § 4562. Recreation districts, creation by parishes; corporate status, powers, domicile
 A. The police jury of any parish in the state is authorized and empowered upon its own initiative to form and create recreation district or districts by wards or otherwise and in so doing to divide a parish into one or more recreation districts, or by agreement with the police jury of any other parish to combine two or more parishes or parts thereof into a single recreation district with such name or names as said police jury or juries many designate, provided that no recreation district shall extend into the corporate limits of a municipality without the consent of its governing body. See LSA-R.S. 33:4562.
We conclude that the Livingston Parish Council, pursuant to the terms of the charter, is authorized to consolidate these geographic areas as the necessity arises.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams